DICKINSON, Justice,
Concurring in part and in result.
¶ 29. Although I agree with the majority’s conclusion that Lutz Homes, Inc. may pursue its cause of action against the Wes-tons, I do not agree with its reasoning. Rather, I agree with Justice Kitchens’s reading of the documents, which clearly demonstrates that Lutz Homes, Inc. was a licensed contractor when the work for the Westons was performed.
¶ 30. However, my agreement with Justice Kitchens is not complete. I find myself in the unfortunate position of parting ways with my esteemed colleague from Copiah County only as to his view that the clear, unambiguous language of Section 73-59-9(3) of the Mississippi Code would not have allowed the corporation to become licensed after performing the work, and then to file suit. I believe it would.
¶ 31. Furthermore, I cannot agree that our personal view of what is “perverse” should control our interpretation of a statute. In my opinion, even where enforcing a statute’s clear language might yield a “perverse” result (as Justice Kitchens reasonably fears would happen in this case), it is not within our constitutional prerogative to refuse to apply the statute’s plain language. Rather, the prospect that a perverse result might flow from the application of a constitutional statute is a legitimate and serious legislative concern.